Max Goetz, d. b. a., *vs.* Joseph Berman, p. b. r.

1. Brokers—Evidence Held Insufficient to Show Agency.

In an action by broker who introduced the purchaser to the seller, evidence *held* insufficient to show agency, it appearing that the broker ascertained the premises were for sale, and informed the vendor's wife that he would bring a client to view them.

2. Brokers—No Compensation, Unless There is Agency, Express or Implied.

A broker who introduced the purchaser to the seller cannot recover from the seller any compensation on the quantum *meruit*, unless there is proof of an agency express or implied.

*May* 17, 1920)

Rice, J., sitting.

*William F. Kurtz* for appellant.

*Aaron Finger* for respondent.

Superior Court for New Castle County, May Term, 1920.

Appeal, No. 122, March Term, 1920.

Action before a justice of the peace by Joseph Berman against Max Goetz. Judgment for plaintiff. Defendant appeals. Directed verdict for defendant.

Evidence was introduced by the plaintiff to show that he is engaged in the real estate and general insurance business, being a licensed real estate agent in the city of Wilmington; that he was requested by one B. to try and locate a house for him in the vicinity of Twelfth and Tatnall and West streets, this city; that, about noon on September 23, 1919, he called at the home of the defendant,. 1216 West street, finding Mrs. Goetz home alone; that he introduced himself to her by telling her that he was Berman, the real estate man, and by showing her his card; that, upon inquiry, Mrs. Goetz told him that the property was for sale, and that the price asked was $4,800; that plaintiff then inquired of her whether or not it could be purchased any cheaper, she replying, "Possibly; you would have to see Mr. Goetz," whereupon he asked if he could bring his clients around to see the house at any time, Mrs. Goetz telling him, "If you come back in the evening, Mr. Goetz will be here, and he will be glad to show you

through the house," that plaintiff, accompanied by B. and his wife, called at the home of the defendant that evening, and found the defendant sitting on his front porch; that plaintiff introduced himself to Mr. Goetz, stating that he had been to the house earlier in the day and made arrangements for the prospective buyer to see the property; that Mr. Goetz then said, "Come right in," and that he showed them through the house; that nothing more was said that evening with regard to the price, but that the plaintiff told the defendant that he would see him in a few days and give him a definite answer; that plaintiff saw B. again about two days afterwards, when he was told that B. had been interviewed by another real estate broker, and that there was a possibility of purchasing the property in question cheaper from him than from plaintiff; that plaintiff and B. then went to see the defendant, when B. stated that he desired to purchase the property through plaintiff, and offered to make a deposit on the purchase price, whereupon defendant stated that he did not recognize plaintiff as acting for him, Goetz, in the matter; that B. later purchased the property through the other real estate broker for $4,600; and that no commission has been paid to plaintiff by defendant.

When the plaintiff rested, counsel for the defendant moved for a nonsuit, on the ground that no agency had been established between plaintiff and defendant. *Hawkins & Co. v. Chandler*, 8 *Houst.* 434, 32 *Atl.* 464; *Tebo v. Mitchell*, 5 *Penne.* 356, 63 *Atl.* 327; *Richards v. Richman & Prouse*, 5 *Penne.* 558, 64 *Atl.* 238; *Edwards v. Johnson*, 3 *Houst.* 435; *Tebo v. Weld*, 5 *Boyce*, 255, 92 *Atl.* 876.

In reply it was contended that an agency by implication had been shown, and that the case should be submitted to the jury on an implied agency, or a *quantum meruit*. *Hawkins & Co. v. Chandler*, 8 *Houst.* 434, 32 *Atl.* 464; *Walker's Law on Real Estate Agency*, § 450; *Richards v. Richman & Prouse*, 5 *Penne.* 558, 561, 64 *Atl.* 238; *Geylin v. De Villeroi*, 2 *Houst.* 311, 316; *Tebo v. Mitchell*, 5 *Penne.* 356, 358, 63 *Atl.* 327; *Tebo v. Weld*, 5 *Boyce*, 255, 92 *Atl.* 876.

RICE, J. [1, 2]  In view of the testimony in this case, I fail to see that there is any evidence to submit to the jury from which a contract of agency could be inferred.

In fact, the evidence impresses me as being to the contrary; because the plaintiff in this case stated to Mrs. Goetz, when he went there, "I will bring my client around to see the house." It seems to me that this statement would be a circumstance opposed to the idea of agency, as between Berman and the owner of the property or Mrs. Goetz. The plaintiff said he had clients who had engaged him to secure a house for them, and it would be reasonable to infer that he was acting for his clients, and not acting as the agent of the defendant.

Unless an agency either express or implied is proved, it would be impossible, in my mind, Mr. Finger, for you to recover on your count of *quantum meruit*.

Therefore, I will order a nonsuit in this case.

Mr. Finger: I decline to accept a nonsuit.

RICE J. (charging the jury).  This is a case brought by Joseph Berman, the plaintiff, against Max Goetz, the defendant, to recover commission for sale of the property 1216 West street, which the plaintiff claims he sold as agent for the defendant.

The court, in stating its reasons for granting a nonsuit, or indicating that it would grant a nonsuit, stated that under the pleadings in this case and under the facts, before the plaintiff would be entitled to a recovery, it would be necessary for him to show an express contract of agnecy between the plaintiff and the defendant, or circumstances from which it would be reasonable for the jury to infer the existence of a contract of agency.

The court is of the opinion that there are no facts or circumstances present in the case to submit to the jury from which it could reasonably infer, or from which it would be possible for it to infer, that a contract of agency, either express or implied, for the sale of this property, existed between Joseph Berman and Max Goetz. For that reason, the court instructs you to find a verdict for the defendant.

Verdict for defendant.